Kevin H. Kono, OSB #023528
kevinkono@dwt.com
Tim Cunningham, OSB #100906
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Frederick B. Burnside, OSB #096617
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 757-8016
Facsimile: (206) 757-7016

      Attorneys for Defendants JPMorgan Chase Bank, N.A.,
And JPMorgan Chase & Co.

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE PETER SZANTO, Debtor<br><br>PETER SZANTO,<br><br>      Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION,<br><br>      Defendants. | Lead Bankruptcy Case No. 16-33185-pcm11<br><br>Adversary Case No. 16-03118-pcm<br><br>**DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JPMORGAN CHASE & CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Page 1 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

## L.B.R. 7007-1(A) CERTIFICATE OF COMPLIANCE

Counsel for defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. ("defendants") certify that in compliance with Local Bankr. Rule 7007-1(a), counsel conferred with *pro se* plaintiff Mr. Szanto and that despite a good faith effort to do so, the parties have not been able to resolve the dispute presented in this motion.

Counsel initially conferred telephonically with Mr. Szanto on the subject of the instant motion on November 8, 2016, during which Mr. Szanto requested that defendants abstain from appearing on November 8, 2016, such that Mr. Szanto could prepare and file an amended complaint prior to November 25, 2016. Despite counsel for defendants' position that amendment was unlikely to cure any defects, counsel for defendants agreed to request an extension of the time to appear until November 28, 2016, which request was granted by this Court.

Mr. Szanto did not file an amended complaint on or before November 25, 2016. On November 26, 2016, Mr. Szanto contacted counsel for defendants via email, stated he suffered an injury on November 24, 2016 that prevented him from timely completing his amended complaint, and volunteered that he would consent to a further extension of the time for defendants to file their first appearance from the Court. On November 27, 2016, counsel for defendants responded and, citing the existing case management schedule and the parties' prior conferral, stated his intent to timely file defendants' first appearance on November 28, 2016.

## MOTION

Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. move for an Order dismissing plaintiff's Complaint in its entirety under Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6). In the alternative, defendants move under Fed. R. Bankr. 7012(f) and Fed. R. Civ. P. 12(f) for an order striking plaintiff's request for re-allocation of Internal Revenue Form 1098 allocations.

Page 2 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

# MEMORANDUM OF LAW

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Peter Szanto advances five claims against JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. without articulating *what the parties did*, how their actions damaged plaintiff, or which party is responsible for which action. Plaintiff's bare legal conclusions—bereft of supporting factual allegations—are legally insufficient to state a claim. The Court should dismiss Plaintiff's five causes of action for the following reasons:

*First*, plaintiff fails to allege sufficient factual allegations under Rule 8;

*Second,* the fraud claim also fails because it fails to state allegations with particularity under Rule 9 and seeks to recover based on a statement made to a third-party;

*Third*, the "conspiracy" claim also fails because Oregon does not recognize the claim;

*Fourth*, plaintiff's emotional distress claims also fail because plaintiff has failed to plead a special relationship or facts that constitute "outrageous" conduct sufficient to state a claim; and

*Finally*, the court should dismiss plaintiff's claim against JPMorgan Chase & Co. for the additional reason that plaintiff seeks to attach liability based solely on JPMorgan Chase & Co.'s parent / subsidiary relationship with JPMorgan Chase Bank, N.A. [1]

## II. FACTUAL BACKGROUND

Plaintiff is a serial litigant with substantial ongoing litigation in both state and federal courts. *See In re Szanto*, Slip. Op., No. 2016 WL 3209463 at *1 n.3 (9th Cir. B.A.P. May 31, 2016) ("Mr. Szanto is a serial litigant. . . . Mr. Szanto acknowledged that the California state court found him to be a vexatious litigant."). In this case, plaintiff alleges that he owns real property located at #11 Shore Pine Drive, in Newport Beach California, and that defendant JPMorgan Chase Bank, N.A. ("Chase") is the first mortgagee on that property. Complaint, Dkt. 1 ¶¶ 14-15. Plaintiff further alleges that in 2012, and again in 2013, he reached a "settlement agreement" with Chase relating to disputes about plaintiff's mortgage loan. Compl.

---

[1] Although not required by the bankruptcy court rules, defendants state that plaintiff's claims are non-core and they consent to entry of final orders or judgments by the bankruptcy judge.

Page 3 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

¶¶ 19-20, 22. Plaintiff alleges he complied with those settlement agreements, but despite these settlement agreements, in 2016 Chase "began foreclosure proceedings," and that after plaintiff unsuccessfully negotiated with Chase, Chase "proceeded to schedule a trustee's sale." *Id.* ¶¶ 23-28. Plaintiff also alleges the junior lender, Bank of America, N.A., accelerated the junior loan "on the exact same day" that Chase began foreclosure proceedings. *Id.* ¶ 26. After Chase initiated foreclosure, plaintiff filed for bankruptcy protection. *See id.* ¶ 31.

Plaintiff's only substantive allegation specific to JPMorgan Chase & Co. is that JPMorgan Chase Bank, N.A. is a wholly owned subsidiary of JPMorgan Chase & Co. *Id.* ¶ 15.

Based on these allegations, plaintiff brings five claims: (1) "Breach of Various Federal Regulations;" (2) Breach of Contract; (3) Fraud; (4) "Conspiracy;" and (5) "Intentional and/or Negligent Infliction of Emotional Distress."

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [she] … [is] entitled to relief,' in order to 'give the defendant[s] fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 1267 S.Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).[2] The Court should dismiss under Federal Rule of Civil Procedure 12(b)(6) claims that fail to meet this standard.[3] While these Rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570). Where, however, the plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible, [his]

---

[2] Fed. R. Civ. P. 8 "applies in bankruptcy proceedings." Fed. R. Bankr. P. 7008.

[3] Fed. R. Civ. P. 12(b)(6) "applies in adversary proceedings." Fed. R. Bankr. P. 7012; *In re McCory*, 446 B.R. 453, 454 & n.1 (Bankr. D. Or. 2011) (applying Fed. R. Civ. P. 12 standards in motion to dismiss, where Fed. R. Civ. P. 12 was applicable by Fed. R. Bankr. P. 7012).

Page 4 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

complaint must be dismissed." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide more than just "labels and conclusions;" rather, he must provide the grounds of her entitlement to relief; "formulaic recitations of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice…. [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). Indeed, while legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id*. at 679.

Fed. R. Civ. P. 12(f) allows the court to "strike from any pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. . . . A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. . . . A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). Although a showing of prejudice is required to strike a "redundant, immaterial impertinent, or scandalous matter," "the obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice." *Bottoni v. Sallie Mae, Inc.*, No. C 10–03602 LB, 2011 WL 3678878 at *1 (N.D. Cal. Aug. 22, 2011) (citations omitted); *see also Voltage Pictures, LLC v. Blake*, No. 3:14-cv-1875-AC, 2015 WL 9272880 at *2, *6 (D. Or. Dec. 7, 2015) (relying on both *Barnes* and *Bottoni* in the context of a Rule 12(f) motion to strike).

## IV. ARGUMENT

### A. Plaintiff fails to state a claim on which relief can be granted.

Plaintiff's claims fail at the threshold because they are all bereft of the factual matter necessary to "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*,

Page 5 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

550 U.S. at 570.  On the contrary, plaintiff's claims are precisely the type of formulaic recitations of legal conclusions that the Supreme Court rejected in *Iqbal* and *Twombly*, requiring dismissal of each of plaintiff's claims for relief.  In addition, plaintiff's fraud, "Conspiracy," and "Intentional / Negligent Infliction of Emotional Distress" claims suffer from specific, legal flaws that require their dismissal independently of plaintiff's failure to plead sufficient facts.

> **1. Plaintiff's vague claim for breach of "various federal regulations" fails to state a claim.**

The Court should dismiss Plaintiff's first claim—styled "Breach of Various Federal Regulations to Plaintiff's Detriment and Harm"—because he fails to allege any specific action taken by any defendant.  Compl. ¶¶ 32-33.  Plaintiff's complaint simply alleges "[v]arious Federal statutes provide protections to homeowners like plaintiff," and defendants have violated laws including—but not limited to—a laundry list of federal statutes.  *Id.*  Plaintiff fails to identify *which actions* defendants supposedly took, *which statutes* (or regulations) were allegedly contravened, and *how* those alleged actions violated the list of federal statutes or damaged plaintiff.  "[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Plaintiff's allegations fall short of this standard—plaintiff does not even recite the elements of any cause of action—and the court should dismiss plaintiff's claim for breach of "Various Federal Regulations."[4]

> **2. Plaintiff's Breach of Contract claim consists of bare legal conclusions.**

Plaintiff's breach of contract claim consists of the bare allegations that "there are agreements between [plaintiff] and defendants," including a "2012 written settlement agreement

---

[4] Plaintiff's request for emotional distress damages for breach of "various" statutes or regulations is impossible to address at this stage, without defendants knowing which statutes plaintiff seeks to recover under, and which actions allegedly breached those statutes.

Page 6 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

(the terms of which are confidential) between debtor and Chase," "Chase has breached said agreement," and "plaintiff has been damaged." Complaint at 7.[5] This is precisely the type of "formulaic recitation of the elements of a cause of action" rejected by *Twombly*, and is insufficient to state a claim against defendants. *Twombly*, 550 U.S. at 555; *Starr*, 653 F.3d at 1216 ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action."). Defendants are entitled to know *which actions* they allegedly took, and *how* those actions constituted a breach of the agreement.[6] Absent more specific allegations, plaintiff's breach of contract claim cannot meet the requirements of *Iqbal* and *Twombly* and should be dismissed. *Cf. Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1132 (D. Or. 2014) (to state a claim for breach of contract, plaintiff must "specify which deed of trust(s) Defendant allegedly violated and which provision(s) were violated by what specific conduct. Plaintiffs must also specify the contractual harm that each alleged breach caused").

Plaintiff also appears to request specific performance *in addition* to damages for his breach claim. *See* Compl. at 8 (requesting damages); *id.* at 9, Prayer (requesting specific performance). Plaintiff's request for specific performance is nothing more than a generic request that defendants abide by their contracts, and fails for two reasons. First, when seeking specific performance, "[w]hatever contractual terms plaintiffs are relying upon must be alleged in their complaint in some form in order that the court may determine whether the plaintiffs' obligation is definite enough and binding, and therefore, be consideration for the promise plaintiffs are seeking to enforce." *Landgraver v. DeShazer*, 239 Or. 446, 449 (1965). Plaintiff fails to plead any terms that defendants have allegedly breached, requiring dismissal of his request for specific

---

[5] Plaintiff's complaint abandons sequential paragraph numbering after paragraph 35, alleges two claims, and then resumes sequential numbering at paragraph 36, five pages later. Defendants cite page numbers where plaintiff abandoned paragraph numbering.

[6] To the extent plaintiff alleges breaches of a confidential agreement, he may file the agreement and his complaint under seal.

Page 7 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

performance. Second, "equity will not decree specific performance where there is a plain, adequate, and complete remedy at law." *Wagner v. Savage*, 195 Or. 128, 149-50 (1952). Given the facts as defendants can discern them, damages would completely remedy any possible injury to plaintiff, foreclosing an order of specific performance.

Finally, if the court does not dismiss plaintiff's breach claim outright, the Court should strike his allegation in his breach of contract claim that "Defendants' improper acts have also caused debtor emotional and psychological harm and distress," Compl. at 9. In Oregon, "[t]he generally accepted rule is that emotional distress caused by pecuniary loss resulting from breach of contract is not recoverable." *Farris v. U.S. Fid. & Guar. Co.*, 284 Or. 453, 456 (1978); *see also Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1132 (D. Or. 2014) ("[P]laintiff in a breach of contract action generally cannot recover tort or emotional distress damages."). As discussed below, plaintiff fails to allege facts that could state a *tort claim* against defendants from a contract breach, and he is thus barred from recovering emotional distress damages.

> **3. Plaintiff's Fraud claim fails to meet the standards of Rule 8 and Rule 9, and attempts to allege a fraud that is not actionable as a matter of law.**

Plaintiff appears to allege two variations of fraud: (a) making "many statements regarding [defendants'] intentions to resolve minor disputes regarding the parties agreements" and entering into contracts when defendants' "true intent was not to carry through their promises"; and (b) JPMorgan Chase Bank, N.A.'s "false and fraudulent notification to its trustee to commence a trustee's sale." Compl. at 10-11.

To state a claim for fraud under Oregon law, Plaintiff must allege *with particularity*:

> (1) a misrepresentation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury.

Page 8 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

*Estate of Schwarz v. Philip Morris, Inc.*, 206 Or. App. 20, 38-39 (2006), *aff'd* 348 Or. 442, (2010), *adhered to on recon.*, 349 Or. 521 (2010); *see also Chruszch v. Bayview Loan Serv., LLC*, No. 3:15-cv-01131-MO, 2015 WL 6756130 at *4 (D. Or. Nov. 4, 2015). Under Fed. R. Civ. P. 9(b), allegations of fraud must meet a heightened pleading standard. Rule 9(b) requires that "the alleged fraud be 'specific enough to give defendants notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong." *Stewart v. MERS, Inc.*, 2010 WL 1055131, *9 (D. Or. 2010) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104-05 (9th Cir. 2003)), *report and recommendation adopted*, 2010 WL 1054775 (D. Or. 2010). "Specifically, each allegation of fraud must be accompanied by the who, what, when, where and how of the misconduct charged." *Id.*

Plaintiff's fraud claim fails for two reasons. First, plaintiff fails to meet Rule 9(b)'s heightened pleading standard because he does not allege what, when, where, and how defendants made any specific misrepresentation *to plaintiff*,[7] let alone that plaintiff relied on that representation, had the right to rely on that representation, and was damaged. *See Chruszch*, 2015 WL 6756130 at *4. Plaintiff's vague allegations are legal conclusions, and cannot meet the standards of *Iqbal* and *Twombly*, let alone the heightened pleading standard of Rule 9(b).

Second, to the extent plaintiff advances his fraud claim based on a representation *to the trustee*, the claim fails at the threshold because plaintiff may only sue for false statements made *to him*, relied on *by him*, which caused damage *to him*. *See Fish v. Trans-Box Sys., Inc.*, 140 Or. App. 255, 261 (1996) ("In order to succeed on his claim of promissory fraud, plaintiff must establish that he had a right to rely on defendant's promises."); *Estate of Schwarz* 206 Or. App at 38-39 (noting that the elements require *the hearer's* reliance and injury). Plaintiff's attempt to state a fraud claim based on statements made to a third-party fails.

---

[7] Plaintiff appears to attempt to state a fraud claim only against JPMorgan Chase Bank, N.A., as none of the allegations even mentions JPMorgan Chase & Co.

Page 9 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### 4. Plaintiff's fourth claim for "Conspiracy" fails because civil conspiracy is not a cause of action under Oregon law.

Plaintiff's fourth claim is for "Conspiracy," and consists of the bare allegation that defendants "through their concerted action, sought to accomplish the common unlawful purpose of: a) forcing plaintiff to pay more than the contractual amount of his indebtedness, and b) obtaining title to plaintiff's property contrary to law." Compl. ¶ 37.

Plaintiff's "claim" for conspiracy fails because no such cause of action exists under Oregon law. "Civil conspiracy . . . is a theory under which tortfeasors may be held liable under a substantive cause of action rather than a separate cause of action or ground for recovery." *Barnes v. Routh Crabtree Olsen, PC*, No. 3:15-CV-01001-BR, 2016 WL 81799 at *6 (D. Or. Jan. 7, 2016); *see also Morasch v. Hood*, 232 Or. App. 392, 402 (2009) ("[C]ivil conspiracy is not, itself, a separate tort for which damages may be recovered; rather, it is a way in which a person may become jointly liable for the tortious conduct of his or her coconspirators."). The court should dismiss plaintiff's claim for "conspiracy" because no such claim exists.

### 5. Plaintiff's fifth claim for "Intentional and / or Negligent Infliction of Emotional Distress" fails to state a claim.

Plaintiff's final claim, for "Intentional and / or Negligent Infliction of Emotional Distress" is primarily dedicated to the legal proposition that a party may, under certain circumstances (not present here), recover emotional distress damages without an accompanying physical injury. *See* Compl. ¶¶ 39-44. The only specific allegations regarding conduct by any defendant are that "the wanton and improper machinations of defendants created controversy regarding plaintiff's property, which did not actual [sic] exist," and that "plaintiff pleads emotional distress as arising from defendants' fraudulent acts (whether intentional or negligent) which are the tort of deceit." Compl. ¶¶ 40, 43. Plaintiff's claim fails on multiple levels.

First, plaintiff fails to allege what, exactly, defendants are alleged to have done, which defendant committed any act, or how that act specifically caused plaintiff emotional distress.

Page 10 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

The court should dismiss plaintiff's claims at the threshold for failing to "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Second, to the extent plaintiff's claim hinges on his fraud claim, the claim fails because plaintiff has *not* pleaded an actionable fraud. Moreover, even if plaintiff stated a fraud claim, emotional distress damages do not constitute a stand-alone claim.

Third, to the extent plaintiff is attempting to plead a *negligent* infliction of emotional distress, his claim fails because he fails to allege any special relationship with defendants. *Mullen v. Meredith Corp.*, 271 Or. App. 698, 711 (2015) (negligent infliction of emotional distress claim requires a special relationship); *Skeen v. Dep't of Human Resources*, 171 Or. App. 557, 559 (2000) (same). Under Oregon law, a plaintiff seeking recovery of emotional distress damages flowing from negligence (absent physical injury or property damage) must allege and establish that defendant acted with knowledge that its actions will cause distress, that the defendant's position relative to the plaintiff entailed some responsibility aside from the tort itself, and that the defendant's conduct "infringed some legally protected interest *apart from causing the claimed distress*." *Mullen*, 271 Or. App. at 711 (emphasis added). This requisite "special relationship" arises in the context of professional relationships (i.e. lawyer, physician, engineer, architect) or principal-agent relationships, or in some other special relationships where one party has "a special responsibility to administer, oversee, or otherwise take care of certain affairs belonging to the other party." *Id.* at 711-12 (quoting *Conway v. Pacific Univ.*, 324 Or. 231, 237 (1996)).

Here, not only does plaintiff fail to allege *any* special relationship, his alleged relationship with defendants is the *contractual* relationship of debtor / creditor, which as a matter of law is insufficient to establish a special relationship to recover in negligence. *See Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1132 (D. Or. 2014) ("[T]he relationship between a lender and a borrower is an arm's length commercial relationship, not a special relationship under Oregon law. . . . Accordingly, I grant Defendant's motion to dismiss this claim to the extent the

Page 11 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

claim seeks mental or emotional distress or other tort-type damages from Defendant as a lender.").[8] Plaintiff's failure to allege a special relationship is fatal to his negligent infliction of emotional distress claim.

Finally, to the extent plaintiff's claim is really for *intentional* infliction of emotional distress, his claim fails for the additional reason that plaintiff fails to allege sufficient facts for a fact-finder to conclude that defendants' conduct was "the type of extraordinarily outrageous conduct required to state a claim for IIED under Oregon law." *Reeves v. ReconTrust, N.A.*, 846 F. Supp. 2d 1149, 1168 (D. Or. 2012). In fact, judges within this district routinely hold that allegations of wrongful foreclosure (which plaintiff here appears to allege) *do not* rise to the level of "outrageous conduct" sufficient to support a claim for IIED. *See, e.g.*, *id.* (Brown, J.); *Medici v. JP Morgan Chase Bank, N.A.*, 2013 WL 6178285 at *3 (D. Or., Nov. 25, 2013) (Haggerty, J.); *Subramaniam v. Beal*, 2013 WL 5462339 at *3-4 (D. Or., Sept. 27, 2013) (Mosman, J.); *Schmelzer v. Wells Fargo Home Mortg.*, 2011 WL 5873058 at *14 (D. Or., Nov. 21, 2011) (Hernandez, J.)).

Because his claim fails on multiple levels, the court should dismiss plaintiff's claim for tortious infliction of emotional distress.

---

[8] *See also Sawyer v. ReconTrust Co., N.A.*, 2011 WL 2619517 at *8 (D. Or. May 27, 2011) (where plaintiff alleged a negligent misrepresentation that a foreclosure would not occur while a modification was pending, court found that plaintiff "can allege no special relationship. Her relationship with the lender was a contractual relationship, and the negotiation was at arm's length."); *Smith v. Bank of Am. N.A.*, 2013 WL 2659562 at *3 (D. Or. June 4, 2013) (dismissing plaintiff's negligence claim related to processing a loan modification where lender did not have "a special duty to administer plaintiff's loan modification application aside from the normal duty to exercise reasonable care"); *Andre v. Bank of America, N.A.*, 2011 WL 7565310 at *4-*5 (D. Or. Dec. 14, 2011) ("[T]he lender-borrower relationship is not a 'special' relationship as that term has been defined by Oregon case law."), *adopted in part*, 2012 WL 965106 at *1 (D. Or. Mar. 21, 2012) ("[T]he parties involved were in an arms length relationship."); *Brown v. Wells Fargo Bank, N.A.*, 2013 WL 1900629 at *5 (D. Or. May 4, 2013) (in action between borrowers and their bank, dismissing claim of negligent infliction of emotional distress where plaintiffs failed to allege a special relationship).

Page 12 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

### 6. The Court should strike plaintiff's prayer for relief regarding IRS Tax liability.

Seemingly divorced from all other allegations and claims in the Complaint, plaintiff twice mentions a request "to reassign tax liability—which occurred through improper Internal Revenue Form 1098's delivered to plaintiff." Compl. ¶ 6; *id.* ¶ 49 ("Plaintiff asks that this Court reassign Federal tax liability . . . based on incorrect Internal Revenue Form 1098's issued by the defendants."). If any of plaintiff's claims survive defendants' motion to dismiss, the court should strike these requests, which are entirely disconnected from any claim for relief. Plaintiff fails to allege any specific facts regarding 1098 forms, when they were issued, why they are allegedly incorrect, or any legal basis to support the request, making the request impossible for defendants to address. Because plaintiff's allegations regarding 1098 forms are immaterial to any claim to the claims pleaded, impertinent to the issues in the case, and addressing them in discovery would unnecessarily prejudice defendants, the court should strike those allegations. *Cf. Barnes*, 718 F. Supp. 2d at 1173 (finding prejudice where the allegations would require "expensive and potentially unnecessary and irrelevant discovery").

### B. Plaintiff fails to allege any facts whatsoever regarding defendant JPMorgan Chase & Co.

Although plaintiff independently fails to state *any* claim for the reasons described above, the court should dismiss plaintiff's claims against JPMorgan Chase & Co. the additional reason that plaintiff only alleges that JPMorgan Chase & Co. is the corporate parent of JPMorgan Chase Bank, N.A. Compl. ¶ 15. Plaintiff makes no other allegations regarding alleged conduct of JPMorgan Chase & Co., and apparently seeks to attach liability based solely on JPMorgan Chase & Co.'s ownership of JPMorgan Chase Bank, N.A. But "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed. 2d 43 (1998). Absent any allegations of JPMorgan Chase & Co.'s actual conduct, plaintiff's

Page 13 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

claims against JPMorgan Chase & Co. are based exclusively on its ownership of JPMorgan Chase Bank, N.A., and the court therefore should dismiss them.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiff's complaint in its entirety.

DATED this 28th day of November, 2016.

**DAVIS WRIGHT TREMAINE LLP**

By  s/ Tim Cunningham
Kevin H. Kono, OSB #023528
kevinkono@dwt.com
Tim Cunningham, OSB #100906
timcunningham@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
Frederick B. Burnside, OSB #096617
fredburnside@dwt.com
Telephone: (206) 757-8016
Facsimile: (206) 757-7016

Attorneys for Defendants JPMorgan Chase Bank, N.A., and JPMorgan Chase & Co.

Page 14 – MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16

# CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2016, I served a copy of the foregoing on the non-ECF participant listed below:

Peter Szanto
PO Box 4614
Portland, OR 97208

Plaintiff *Pro Se*

by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said individual's last-known address and deposited in the U.S. mail at Portland, Oregon.

**DAVIS WRIGHT TREMAINE LLP**

By  s/ Tim Cunningham
Kevin H. Kono, OSB #023528
kevinkono@dwt.com
Tim Cunningham, OSB #100906
timcunningham@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
Frederick B. Burnside, OSB #096617
fredburnside@dwt.com
Telephone: (206) 757-8016
Facsimile: (206) 757-7016

Attorneys for Defendants JPMorgan Chase Bank, N.A., and JPMorgan Chase & Co.

Page 1 – CERTIFICATE OF SERVICE

DWT 30551572v7 0036234-000583

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03118-pcm    Doc 21    Filed 11/28/16