Below is an Opinion of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re:                                    )
                                          )  Bankruptcy Case No.
PETER SZANTO,                             )  16-33185-pcm11
                                          )
                    Debtor.               )
                                          )
_____)
PETER SZANTO,                             )  Adversary No. 16-3118-pcm
                                          )
                    Plaintiff,            )
                                          )
        v.                                )  MEMORANDUM OPINION
                                          )
JPMORGAN CHASE BANK, N.A. and             )
BANK OF AMERICA, N.A.,                    )
                                          )
                    Defendants.           )
_____)

Debtor Peter Szanto filed a Second Amended Complaint against
JPMorgan Chase Bank, N.A. ("Chase") and Bank of America, N.A. ("BofA"),
who hold trust deeds on real property debtor owns in California.  Debtor
labels his claims as (1) breach of contract; (2) fraud; (3) restitution
(against Chase only); and (4) violations of federal statutes and
regulations.  Chase moves to dismiss all claims against it; BofA moves to

Page 1 -  MEMORANDUM OPINION

dismiss the fraud and federal statutory claims.

The court held a hearing on the motions to dismiss on May 18, 2017. Debtor and counsel for the bank appeared. For the reasons set out below, defendants' motions will be granted.

PROCEDURAL BACKGROUND

Debtor's claims arise out of loans defendants made to debtor that are secured by debtor's real property in California. Chase holds the first position lien and BofA holds a junior lien on the property. Debtor has been in disputes with defendants for a number of years, including foreclosure and loan acceleration proceedings, and a 2008 lawsuit against Chase filed by debtor. This is the latest round of litigation relating to those disputes.

These are the third motions to dismiss filed by defendants in this case. After debtor filed his complaint, both defendants moved to dismiss. Instead of responding to the motions, debtor filed his First Amended Complaint. Defendants again moved to dismiss. After a hearing, the court dismissed all of the claims in the complaint except the claim for breach of contract against BofA. Debtor was allowed to replead some of the dismissed claims. The court advised debtor that this would be his last chance to amend his complaint.

Debtor then filed his Second Amended Complaint, which is the subject of these motions to dismiss. References in this Opinion to "the complaint" are to the Second Amended Complaint.

DISCUSSION

Defendants move to dismiss debtor's claims under Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr.

Page 2 - MEMORANDUM OPINION

P. 7012, for failure to allege facts that state a claim on which relief may be granted.  In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept all material allegations of the complaint as true and construe them in the light most favorable to the party opposing the motion.  <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). Ordinarily, the court will not consider matters outside the pleadings. However, the court may consider certain materials outside the pleadings without converting the motion to one for summary judgment, such as "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice[.]"  <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).

Chase attached to its motion a copy of a 2012 Settlement Agreement and Release, which provides the basis for some of debtor's claims. Therefore, the court will take into consideration that settlement agreement in ruling on Chase's motion to dismiss.

Fed. R. Civ. P. 8(a)(2), made applicable here by Fed. R. Bankr. P. 7008, requires a pleading stating a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  The complaint need not contain "detailed factual allegations," but it must contain more than labels and conclusions, or "a formulaic recitation of the elements of a cause of action[.]"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Page 3 -  MEMORANDUM OPINION

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  Facts alleged that are merely consistent with liability or show that liability is possible are not enough; they must show that liability is plausible. Id.  Finally, the court need not accept as true allegations of legal conclusions.  Id.

1.  Bank of America Motion

BofA moves to dismiss the claims against it for fraud (Claim #2) and violation of federal statutes (Claim #6).[1]

A.  Fraud

BofA holds the junior lien on debtor's property in Newport Beach, California.  The complaint alleges that, in 2016, BofA began loan acceleration proceedings on the same day that Chase commenced foreclosure of the senior lien.  According to debtor, BofA thereafter induced him to enter into an agreement under which debtor would pay $45,300.41 and BofA would reinstate the interest-only payment requirement on the loan, all the while knowing that BofA did not intend to honor the agreement. Debtor alleges that he made the payment but BofA has not reinstated the interest-only portion of the loan.  It has, he claims, demanded more from debtor than it knew he owed.

Debtor seeks damages from BofA for restitution of time and money expended to defend title to his property, which includes lost income and medical costs for treatment of stress-related diseases.

BofA argues that the allegations fail to state a claim for fraud,

_____

[1]  The claims retain the numbers that debtor assigned them in his First Amended Complaint.  Because Claims #3 and 4 were dismissed without leave to replead, the Second Amended Complaint contains four claims, labeled #1, 2, 5 and 6.

because they do not adequately allege either reliance or proximate injury. As I indicated at the hearing on the motion to dismiss the First Amended Complaint, either Oregon or California law might apply to the fraud claim, but for all practical purposes, the elements of a fraud claim are the same in both jurisdictions. Both jurisdictions require justifiable reliance and resulting damage from the reliance. E.g., Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997); Strawn v. Farmers Ins. Co. of Oregon, 350 Or. 336, 352 (2011).

With regard to reliance, the complaint alleges that debtor reasonably relied on BofA's representations that it intended to abide by the alleged oral agreement to accept a payment from debtor and then reinstate the interest-only provisions of the loan. Although he alleges why his reliance was reasonable, he does not allege how he relied. That is, the complaint does not indicate what action debtor took in reliance on BofA's agreement. However, it can be inferred from the complaint that the reliance was debtor's payment of the agreed-upon amount of $45,300.41 and his interest-only payments on the loan.

There is not, however, any allegation as to damages that resulted from that reliance. A plaintiff can recover damages from fraud for losses that "might reasonably be expected to result from the reliance." Knepper v. Brown, 345 Or. 320, 330 (2008) (quoting RESTATEMENT (SECOND) OF TORTS § 548A (1977)). Debtor argues in response to the motion to dismiss that the damages are BofA's failure to perform as promised, that is, to restore the interest-only portion of the mortgage agreement. He refers to his allegation that BofA "stuck" him with a demand for more than he actually owed, and that he paid more money than he should have been

required to pay under the settlement agreement. He alleges damages for fraud of "restitution of money and time which plaintiff was forced to expend to defend title to his PROPERTY," which included lost income and medical costs in excess of $75,000. Second Amended Complaint ¶ 47, 48.

Even assuming, without deciding, that these are the types of damages that can be recovered on a fraud claim, debtor does not allege any facts that would show that those damages were plausibly caused by debtor's reliance on BofA's alleged agreement to reinstate interest-only payments. He does not allege that BofA accelerated the loan after it allegedly reneged on the agreement. He does not allege that he had to defend title against BofA after the alleged 2016 agreement. To the extent he alleges that BofA is demanding more in payments than he actually owes (presumably because it is demanding payment on principal as well as interest), the damages he alleges for fraud are not related to the amounts he paid in excess of the interest-only loan payments.

Therefore, the fraud claim against BofA will be dismissed.

B. <u>Violations of Federal Statute</u>

Debtor has also pled that BofA has violated the federal Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692f. That statute prohibits a debt collector from using certain unfair or unconscionable means to collect or attempt to collect a debt, including threatening nonjudicial action to obtain possession of property if there is no present right to possession. 15 U.S.C. § 1692f(6)(A).

Debtor alleges that BofA manufactured a justification to threaten loan acceleration and foreclosure based only on its collusion with Chase. BofA moves to dismiss this claim, arguing that it fails to allege a

1  plausible claim under the statute.

2       I agree.

3       Debtor does not allege any facts that would plausibly support a

4  claim under this statute.  The only allegations with regard to this claim

5  are that BofA colluded with Chase to threaten acceleration and

6  foreclosure.  To the extent debtor alleges that BofA colluded with Chase

7  on the acceleration of its loan, he does not allege any facts about how

8  it colluded (other than that BofA began loan acceleration proceedings on

9  the same day as Chase began its 2016 foreclosure process, which he

10 contends "was neither co-incidence nor divine happenstance"), Second

11 Amended Complaint ¶ 25, 26, or allege that the acceleration was not

12 justified by a default on the loan.[2]

13      This claim will be dismissed.

14 2.   <u>Chase Motion</u>

15      Chase moves to dismiss all claims against it: breach of contract,

16 fraud, restitution, and violation of federal statutes.

17      A.   <u>Breach of Contract</u>

18      Debtor's first claim for relief against Chase is for breach of

19 contract.  Although the allegations are not clear, it appears he claims

20 the following breaches: (1) breach of a 2012 settlement agreement by

21 failing to accept $1 million in satisfaction of the loan secured by his

22 real property; (2) breach of a 2013 agreement by failing to negotiate

23 debtor's tender of payments; (3) breach of the deed of trust by failing

24

25      [2]   Although BofA does not make the argument, I note that this
   claim suffers from the same defect as does debtor's claim against Chase,
26 discussed below - that he does not allege facts that would support a
   finding that BofA is a debt collector subject to the FDCPA.

1  to provide notice of default before commencing foreclosure proceedings;
2  and (4) breach of the covenant of good faith and fair dealing.  Chase
3  moves to dismiss the claim in its entirety.

4  Before addressing the individual claims, I turn to debtor's argument
5  that only his evidence should be considered in deciding this motion to
6  dismiss, and that Chase has either not provided any evidence to
7  contradict debtor's evidence, or has improperly submitted evidence
8  through argument of counsel.

9  In deciding a motion to dismiss, the court accepts all material
10  allegations of the complaint as true and construes them in the light most
11  favorable to the party opposing the motion.  <u>NL Indus.</u>, 792 F.2d at 898.
12  The court does not consider any evidence, but only allegations of fact.
13  The exception is that the court can consider documents that are
14  incorporated in the complaint.  Here, I have considered the 2012
15  settlement agreement, which is attached to Chase's Motion to Dismiss,
16  because it forms the basis for debtor's allegations of breach and debtor
17  did not dispute the authenticity of the document at the hearing on the
18  motion to dismiss the First Amended Complaint.

19  Neither debtor nor Chase is required to produce evidence in support
20  of or opposition to the allegations of the complaint; the allegations are
21  accepted as true and the court then determines whether those allegations,
22  if proved, would state a plausible claim for relief.

23  (1)  <u>Breach of the 2012 settlement agreement</u>

24  Debtor alleges that, in 2012, he entered into a settlement agreement
25  with Chase to resolve an action he had brought against Chase regarding
26  disputes about the mortgage it held on debtor's property.  Debtor says

Page 8 -  MEMORANDUM OPINION

that the intent of both parties was that the total amount due and owing on the mortgage loan as of the date of the agreement was $1,000,000, and that Chase refused to accept his tender of $1,000,000 and reconvey the deed of trust.

Chase argues that the 2012 settlement agreement shows that Chase was not obligated to accept any payment from debtor nor does it obligate debtor to make any payments, and therefore this allegation of breach fails as a matter of law.

As I explained in ruling on Chase's motion to dismiss debtor's First Amended Complaint, the text of the settlement agreement does not support debtor's claim. It does not obligate him to make any payments; his obligation is to dismiss the pending lawsuit and provide notice to Chase when he has done that. It does not obligate Chase to accept any payments; it obligates Chase to pay debtor $4,000 when the underlying suit is dismissed. Debtor does not allege that Chase failed to make the $4,000 payment.

Debtor argues that the recital in the 2012 settlement agreement that he had obtained a residential loan from Chase's predecessor "in the initial principal amount of $1,000,000" was intended by both parties to be an agreement that the entire amount of principal and interest due and owing at the time of the agreement was $1 million. He claims that the 2012 agreement was intended to settle all issues relating to the loan dispute, so that the only obligation on the loan that remained after that agreement was his obligation to pay $1 million.

The question in a motion to dismiss is whether the plaintiff's allegations, if proved, could plausibly support a claim. I conclude that

he could not prove that the settlement agreement was intended to determine the amount that was due and owing on his loan. First, the language of the agreement is unambiguous; it says that the "initial principal amount" of the loan obtained in October 2003 was $1,000,000. Settlement Agreement ¶ 2.2. It does not say anything about the balance - either agreed to or not - owing on the loan as of the date of the agreement. Second, the agreement specifically carves out the underlying loan obligations and deed of trust from the scope of the settlement. Id. at ¶ 4.1. Finally, the agreement provides that it is an integrated agreement, which "supersedes all prior and contemporaneous settlement agreements and understandings of the Parties[.]". Id.

Debtor argues that the subject matter of the agreement was the entire loan dispute, as evidenced by the recitals in the agreement. For example, Section 1 of the agreement says that the agreement is a settlement of debtor's claims against Chase "arising from the subject matter described in Section 2 of this Agreement." Section 2.1 says that the parties "are involved in disputes arising from a residential loan" relating to the California property. Section 2.4 describes the lawsuit as one filed by debtor against Chase for claims including breach of contract, breach of fiduciary duty, and rescission. Most telling, however, is Section 2.5, which says that debtor alleges in the lawsuit that he entered into a contract with Washington Mutual Bank (the predecessor in interest to Chase), which he alleged was "breached when WaMu failed to pay dividends and interest on Szanto's common and preferred shares of WaMu and for the devaluation of these shares," for which he sought to hold Chase liable. He also sought "to recover damages

Page 10 - MEMORANDUM OPINION

and rescission of the Loan to offset Szanto's purported losses in the stock market." The parties set out their intent to "settle their disputes in connection with the Lawsuit[.]" Section 2.8.

None of those provisions give any indication that the agreement was to change any obligations under the original loan and trust deed. Particularly in light of the fact that the obligations of debtor set out in the agreement include only that he dismiss the lawsuit and deliver an IRS Form W-9 to Chase, the agreement simply cannot be read as one establishing the current balance due on the underlying loan.

Debtor argued at the hearing that the court must hear evidence about the contract negotiations to determine whether the agreement was intended to set the amount owing on the contract at $1 million, because he alleges that is what it means. Although California law, which governs this contract, allows consideration of parol evidence to construe ambiguous contractual language, such evidence must be "relevant to prove a meaning to which the language is 'reasonably susceptible.'" <u>Hervey v. Mercury Cas. Co.</u>, 185 Cal. App. 4th 954, 962 (2010) (quoting <u>Winet v. Price</u>, 4 Cal. App. 4th 1159, 1165 (1992)). The language of the agreement, that the initial loan amount was $1,000,000, is not susceptible of meaning that $1,000,000 was the current amount due and owing at the time of the agreement, nine years later.

This allegation of breach will be dismissed.

(2) <u>Breach of a 2013 agreement by failing to negotiate debtor's tender of payments</u>

Debtor alleges that, in 2013, he entered into a supplemental agreement with Chase to resolve a 2013 foreclosure proceeding. He says

that Chase breached that agreement by failing to negotiate his tenders of
payment.  Chase moves to dismiss this claim of breach of contract,
arguing that it does not state a plausible claim for relief.

I agree.  The allegations do not set out, even as a "short and plain
statement," what the terms of the 2013 alleged agreement were, including
whether the alleged agreement required Chase to accept certain payments.
Debtor does not allege when payments were tendered under this agreement
that were not negotiated, nor does he allege damage arising from this
alleged breach.  This allegation of breach will be dismissed.

### (3)  Breach of the deed of trust

Debtor alleges that Chase breached the deed of trust by commencing
foreclosure proceedings in 2016 without providing notice as required by
California law.  Chase moves to dismiss this allegation, arguing that
debtor fails to allege recoverable damages for any breach.

Under California law, a cause of action for breach of contract
requires showing that the plaintiff was damaged as a result of the
breach.  CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1249
(2008).  Debtor alleges that he was damaged "by the loss of time, effort
and money to enforce his rights," as well as harm caused by Chase's
"improper and impermissible foreclosure strategy and interest
acceleration tactics[.]"  Second Amended Complaint ¶ 34(d).  He also
alleges psychological harm, psychic injury and emotional distress.  Id.

Contract damages are measured by "the amount which will compensate
the party aggrieved for all the detriment proximately caused thereby, or
which, in the ordinary course of things, would be likely to result
therefrom."  Cal. Civ. Code § 3300.  The plaintiff must "establish a

Page 12 - MEMORANDUM OPINION

causal connection between the breach and the damages sought."  1 <u>Witkin</u>
<u>Summary California Law</u>, Contracts § 870 (2016).

Debtor's complaint does not allege facts that would plausibly
support a finding that the damages alleged resulted from the alleged
breach, which is the lack of notice of the foreclosure action.  Nothing
in the complaint alleges that any of the damages he seeks resulted from a
lack of notice of the commencement of a foreclosure proceeding.

This allegation of breach will be dismissed.

(4)  <u>Breach of covenant of good faith and fair dealing</u>

Although debtor's allegations are not clear, it appears that he
claims that Chase breached the covenant of good faith and fair dealing by
(i) agreeing in 2012 that $1 million was the amount owing, and then
refusing to reconvey when that amount was tendered; (ii) entering into
another agreement in 2013 but then failing to negotiate payments without
notice; and (iii) scheduling a trustee's sale in 2016 without any notice.
Chase moves to dismiss these allegations of breach, arguing that none
support a claim for breach of contract.

Each contract contains an implied covenant of good faith and fair
dealing, precluding the parties from doing "anything which will injure
the right of the other to receive the benefits of the agreement."
<u>Kransco v. Amer. Empire Surplus Lines Ins. Co.</u>, 23 Cal. 4th 390, 400
(2000).

Debtor's good faith and fair dealing allegations do nothing more
than restate the allegations of breach of contract, and claim that those
breaches were done in bad faith.  Because none of debtor's allegations of
breach of contract state a claim for relief, and there are no additional

allegations that would support a plausible claim for breach of contract based on the covenant of good faith and fair dealing, these allegations do not state a claim for relief.

Debtor seeks to have "the parties' agreements and supplemental agreements/novation" specifically enforced. Second Amended Complaint ¶ 36. Because debtor has failed to allege sufficient facts to state a claim for breach of contract, the remedy of specific performance is not available.

This allegation of breach will be dismissed. I have determined that all four allegations of breach fail, therefore the claim for breach of contract will be dismissed in its entirety.

B. <u>Fraud</u>

In pleading a claim for fraud, "a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009. "A pleading satisfies Rule 9(b) if it identifies 'the who, what, when, where, and how' of the misconduct charged." <u>MetroPCS v. SD Phone Trader</u>, 187 F.Supp.3d 1147, 1150 (S.D. Cal. 2016). The allegations must be specific enough to provide defendants "notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001)). I look to state law to determine if the elements of a fraud claim have been pled. <u>Id.</u> at 1126.

Debtor does not indicate which state's law applies to his claims. Because the claims were filed in Oregon and relate to loans secured by

Page 14 - MEMORANDUM OPINION

property in California, either Oregon or California law might apply.  An
action for fraud in California requires a showing of "(a)
misrepresentation (false representation, concealment, or nondisclosure);
(b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to
induce reliance; (d) justifiable reliance; and (e) resulting damage."
Engalla, 15 Cal. 4th at 974.   To establish a claim for fraud in Oregon,
the plaintiff must allege that "the defendant made a material
misrepresentation that was false; the defendant did so knowing that the
representation was false; the defendant intended the plaintiff to rely on
the misrepresentation; the plaintiff justifiably relied on the
misrepresentation; and the plaintiff was damaged as a result of that
reliance."  Strawn, 350 Or. at 352.

Debtor alleges that, when Chase entered into the 2012 Settlement
Agreement, it never intended to perform, but instead used the agreement
as a sham to end the underlying litigation.  It then improperly notified
its trustee to commence a trustee's sale, even though Chase knew there
was no lawful basis for the foreclosure.

Chase moves to dismiss, arguing that debtor has not alleged anything
substantively different from what was alleged in the First Amended
Complaint.

I agree.  At the hearing on the motion to dismiss the First Amended
Complaint, I ruled that any claim based on fraud allegedly arising out of
Chase's entering into the 2012 settlement agreement without any intent to
perform its obligations would be dismissed, because there was no alleged
breach of that agreement that could withstand a motion to dismiss.
Because the only allegation of Chase's failure to abide by the 2012

settlement agreement (by failing to accept $1 million in full satisfaction of the debt) is directly contrary to the terms of the settlement agreement, the fraud claim based on Chase's failure to accept that payment must also fail.

Further, as I explained at the hearing on the motion to dismiss the First Amended Complaint, any misrepresentation must have been made to the plaintiff, inducing the plaintiff to rely on the misrepresentation to his injury. <u>Estate of Schwartz v. Philip Morris, Inc.</u>, 206 Or. App. 20, 39 (2006). An alleged misrepresentation by Chase made to a third party, such as to the trustee of the deed of trust, does not support a claim of fraud by debtor against Chase.

The claim for fraud will be dismissed.

C.   <u>Restitution of Tax Liability</u>

In what he labels his fifth cause of action (claims #3 and #4 in the First Amended Complaint were dismissed without leave to replead), debtor alleges that, in an effort to punish him for his litigation against Chase, Chase failed to properly report all of the mortgage interest he paid in tax years 2012-2015. The under reporting of mortgage interest, he claims, decreased his tax deductions and increased his tax liability. Chase's breach of its reporting duty, he alleges, requires compensation, because debtor's tax returns for those years can no longer be amended. He says that the amount of taxes he overpaid is estimated to be $3,200.

Chase moves to dismiss this claim, arguing that the claim is essentially unchanged from the claim dismissed in the First Amended Complaint, and fails to state a claim for relief.

In dismissing the claim in the First Amended Complaint, this court

ordered that, if debtor should replead this claim, he "must specifically identify the cause of action animating [the claim] and plead specific facts supporting any claimed injury." Order Granting [Chase's] Motion to Dismiss at ¶ 6 (Docket #59).

This claim will be dismissed. First, other than changing the title of the claim to Restitution and adding a dollar amount, the allegations remain the same as in the First Amended Complaint. The addition of the word "Restitution" and a dollar amount does not "plead specific facts supporting any claimed injury," as ordered.

Second, in order to recover on a theory of restitution, the defendant must have been unjustly enriched by its conduct, and have received and retained something for its own benefit. E.g., Hitchcock v. Delaney, 192 Or. App. 453, 458 (2004); McBride v. Boughton, 123 Cal. App. 4th 379, 388-389 (2004). Assuming the truth of the facts alleged, Chase misreported mortgage interest it had received on debtor's mortgage, resulting in debtor paying more tax than he should have. This does not allege that Chase obtained any benefit from the alleged conduct, and thus does not allege unjust enrichment.

Debtor argues that this is a claim for assumpsit, under which all he needs to prove is that there was an inherent wrong committed when Chase did not provide debtor with a tax form properly reporting his interest payments. However, assumpsit still requires proof of unjust enrichment. See Jantzen Beach Assocs., LLC v. Jantzen Dynamic Corp., 200 Or. App. 457, 462 (2005).

Debtor also argues that Chase was enriched by receiving income from his payments and then not reporting them to the IRS, thereby evading its

Page 17 - MEMORANDUM OPINION

tax liability for that income.  First, this argument is directly contrary to the allegations of his complaint, which include that Chase refused to negotiate his payments.  Therefore it would not have income derived from those payments.  Second, there are no allegations in the complaint that Chase evaded tax by failing to report payments debtor had made.

This claim will be dismissed.

D.  Violation of Federal Statutes

(1)  Truth in Lending Act ("TILA")

Debtor alleges that Chase is liable under 15 U.S.C. § 1640 for violations of 15 U.S.C. § 1639f.  Section 1639f generally requires servicers to credit payments to a consumer's loan account as of the date the payment is received.  Creditors who violate the statute are liable for actual damages.  15 U.S.C. § 1640(a)(1).

Chase moves to dismiss this claim, arguing that (1) TILA contains a one-year statute of limitation, 15 U.S.C. § 1640(e), so any alleged violation before September 27, 2015, is barred; (2) Chase is not a "creditor" who is subject to a private right of action under TILA; and (3) even assuming that Chase is a creditor subject to the private right of action, the complaint fails to allege facts that would plausibly support a claim, including a failure to allege actual damages.

Section 1640(e) requires that any action under that section be brought "within one year from the date of the occurrence of the violation[.]"  Debtor argues that an exception to the one-year limitations period applies here.  Section 1640(e) provides that it

> does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of occurrence of the violation <u>as a matter of</u>

<u>defense by recoupment or set-off in such action</u>, except as otherwise provided by State law.

(Emphasis supplied.)  He says that, because he is using this bankruptcy case to reorganize his indebtedness to Chase, this claim is a fundamental defense or offset to Chase's claim.

This is an affirmative claim against Chase for damages; it is not a defense to any claim by Chase against debtor nor brought as an offset to Chase's claim against debtor.[3]  The exception does not apply.

This complaint was filed on September 27, 2016, so any alleged violations occurring more than a year before that are barred.

The only specific payment that Chase is alleged to have failed to credit is the $1 million payment debtor alleges he made in 2012.  Any claim for damages under § 1640 based on an alleged violation relating to that payment is time-barred.

With regard to any other payments that Chase allegedly failed to properly credit, debtor has not alleged that he made any such payments within a year of the filing of this complaint.  Further, his vague allegation that Chase did not post, credit, or negotiate his "timely and properly tendered payments," Second Amended Complaint ¶ 59, is insufficient to support a plausible claim under TILA.  Nor has he alleged any actual damages; he merely says he seeks damages "pursuant to the mandate of the statute."  <u>Id.</u> at ¶ 63.

Therefore, this claim will be dismissed.[4]

---

[3]     Chase has not filed a proof of claim in this bankruptcy case.

[4]     There is also a question of whether Chase is a "creditor" who
(continued...)

Case 16-03118-pcm    Doc 77    Filed 06/13/17

(2) <u>FDCPA</u>

Finally, Chase moves to dismiss the claim under the FDCPA, because the complaint does not allege any facts that would support a finding that Chase is a "debt collector" subject to the statute.

15 U.S.C. § 1692f(6) prohibits a debt collector from, among other things, "[t]aking or threatening to take any nonjudicial action to effect dispossession" of property if there is no right to possession. Debtor alleges that Chase, in seeking to collect the mortgage debt he owed to Chase, began foreclosure actions or threatened to begin foreclosure actions when it did not have a valid right to do so.

I agree with Chase that debtor does not allege any facts that would support a finding that Chase was a debt collector subject to § 1692f. To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a "debt collector" seeking to collect a "debt" under the

---

[4](...continued)
is liable under this statute. "Creditor" is defined in 15 U.S.C. § 1602(g) as a person who both regularly extends consumer credit and is the person to whom the debt is initially payable. The liability of an assignee of a consumer debt is limited. <u>See</u> 15 U.S.C. § 1641(a).

The settlement agreement alleged in the complaint shows that this debt was originally owed to Washington Mutual Bank, and Chase later acquired the loan. Chase's Motion to Dismiss, Exh. 1 ¶ 2.1, 2.3. Thus, Chase is not a "creditor" as defined in the statute. <u>But see</u> <u>Rinegard-Guirma v. Bank of America NA</u>, 2012 WL 1110071 (D. Or. 2012) (assignee can be liable for violations by servicer).

Debtor argues that Chase is a creditor under an alternative definition in § 1602(g) because Chase originates two or more mortgages in a 12-month period. That alternative definition applies only to certain originators of high cost home equity loans. Whether or not Chase would meet this definition, the complaint alleges no facts that would support a finding that Chase is a creditor under this definition.

Page 20 - MEMORANDUM OPINION

statute. _See_ _Isenberg v. ETS Serv., LLC_, 589 F.Supp.2d 1193, 1199 (C.D.

Cal. 2008). "Debt collector" is defined in § 1692a(6) as a person who

> uses any instrumentality of interstate commerce or the mails in any
> business the principal purpose of which is the collection of any
> debts, or who regularly collects or attempts to collect, directly or
> indirectly, debts owed or due or asserted to be owed or due another.
> . . . For the purpose of section 1692f(6) of this title, such term
> also includes any person who uses any instrumentality of interstate
> commerce or the mails in any business the principal purpose of which
> is the enforcement of security interests.

Debtor's complaint does not contain any allegations that would

support "the reasonable inference" that Chase is a debt collector as

defined by the statute. _See_ _Schlegel v. Wells Fargo Bank, NA_, 720 F.3d

1204, 1208 (9th Cir. 2013). He does not allege either that the principal

purpose of Chase's business is the collection of debts, or that Chase is

attempting to collect a debt owed to another. Nor has he alleged that

Chase's principal business purpose is the enforcement of security

interests. Further, as with the TILA claim, the complaint fails to

allege any actual damages, which is the remedy for any violation of the

FDCPA. _See_ 15 U.S.C. § 1692k(a)(1), (2) (debt collector who violates the

FDCPA is liable for actual damages and, in an action by an individual,

additional damages up to $1,000).

Debtor's claim under the FDCPA will be dismissed.

3. <u>Dismissal With Prejudice</u>

This is debtor's third attempt at pleading his claims. Defendants

have filed three sets of motions to dismiss pointing out the defects in

the complaint. In response to the first motions to dismiss, debtor filed

a First Amended Complaint. The court dismissed the bulk of that

complaint on defendants' second motions to dismiss. The dismissal orders

Page 21 - MEMORANDUM OPINION

included leave to replead some of the claims, but provided that, with regard to the claim for reassignment of tax liability and breach of federal statutes, any amended pleading would need to contain specific allegations identifying the sources of the causes of action and plead certain specific facts to support the claims.  In addition, the court warned debtor at the hearing on the motions that the Second Amended Complaint would be his final chance to plead his claims.

Despite these orders and the warning at the hearing, debtor has failed in his Second Amended Complaint to plead facts that would plausibly support any of his claims, with the exception of the breach of contract claim against BofA that is not the subject of these motions. Because debtor had ample warning of what was required to plead viable claims and this is his third unsuccessful attempt to do so, the claims that are the subject of these motions will be dismissed with prejudice.

Counsel for defendants should submit orders granting their motions to dismiss without leave to replead.

###

cc:  Peter Szanto
     Timothy Cunningham
     James P. Laurick