Below is an Opinion of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | |
| ) | Bankruptcy Case No. |
| PETER SZANTO, ) | 16-33185-pcm7 |
| ) | |
| Debtor. ) | |
| ) | |
| PETER SZANTO, ) | Adversary No. 16-3118-pcm |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION |
| ) | |
| v. ) | |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |

Plaintiff Peter Szanto, the debtor in this chapter 7 bankruptcy case, filed this adversary complaint against Bank of America (BofA or defendant) seeking specific performance of an alleged 2016 modification of a Home Equity Line of Credit (HELOC) loan secured by his real property. He claims that BofA agreed to reinstate an interest-only provision of the loan if he paid $45,300.41, which he did, but then BofA failed to reinstate the interest-only provision.

Page 1 - MEMORANDUM OPINION

BofA moves for summary judgment. It argues that the alleged agreement is subject to the statute of frauds, and that debtor neither alleges nor has evidence to support a written modification. Debtor responds that there is a writing and that, in any event, he has performed and therefore the statute of frauds does not apply.

FACTS[1]

In April 2006, plaintiff entered into an agreement with Countrywide Home Loans, Inc. for a HELOC. Declaration of James Laurick, Exh. 1. Plaintiff received a loan under this agreement that provided for interest-only payments for a period of time. There is no dispute that, sometime after 2006, BofA succeeded to the rights of Countrywide with regard to this loan.

Plaintiff alleges that, after the senior lienholder began foreclosure proceedings, BofA accelerated its loan. Plaintiff entered into discussion with BofA regarding the acceleration. Plaintiff states in his declaration that he reached an agreement with BofA in 2016 under which he was to make a payment of $45,300.41 and defendant was to reinstate the interest-only provision of the loan.

Plaintiff made a payment of $45,300.41 that was received by defendant on July 22, 2016. Plaintiff's Declaration, Exh. C. According

---

[1] Plaintiff objects to every statement contained in defendant's Concise Statement of Facts. I will rely on the exhibits submitted in support of and opposition to the motion for summary judgment rather than the Concise Statement of Facts, to the extent the Concise Statement of Facts differs from the exhibits.

Page 2 - MEMORANDUM OPINION

to this exhibit, the $45,300.41 was the minimum payment due on the loan.[2]
On August 10, 2016, BofA originated a wire transfer of $703.65, which was
deposited into an account for which plaintiff is a beneficiary.
Plaintiff's Declaration, Exh. D.

Plaintiff says in his declaration that is part of his Response to
Motion for Summary Judgment that he was promised by BofA that a signed
and notarized novation showing interest-only payments on the loan had
been mailed to him in early August 2016, but he never received it.
Declaration of Peter Szanto at ¶¶ 14, 15.  He lists five individuals at
BofA "who are aware of the novation agreement."  Id. at ¶¶ 17, 18.
Plaintiff seeks through this complaint to enforce the alleged loan
modification.

### DISCUSSION

The court shall grant summary judgment if the moving party shows
that there is no genuine dispute of material fact and that the moving
party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a),
made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.

1. <u>Preliminary matters</u>

I will first address certain threshold issues.

First, plaintiff argues that defendant's motion is not properly
before the court because this is defendant's third attempt to file its
motion for summary judgment, and the final filing was one day late.  In
addition, the motion and supporting documents were not served

---

[2] The loan statement shows a periodic finance charge of $2,514.22, principal payment due of $5,243.33, and an amount past due of $37,542.86, for a total of $45,300.41.

Page 3 -   MEMORANDUM OPINION

electronically on plaintiff as agreed between the parties.

Defendant originally filed its motion for summary judgment on October 2, 2017. Doc. 106. Plaintiff sought additional time to respond to the motion for summary judgment, in part because defendant had failed to file a separate concise statement of facts as required by Local Bankruptcy Rule 7056-1(a)(1)(B). Doc. 109. Because of the lack of a concise statement of facts, the court struck the October 2 motion and granted defendant until October 23, 2017, to refile the motion. Doc. 110.

On October 23, 2017, defendant refiled its motion for summary judgment and supporting documents, including a separately filed concise statement of facts. Doc. 114, 115. However, because there was a technical issue with the docketing of the documents, they were refiled on October 24, 2017, at the court clerk's request. Doc. 116, 117, and 118. The docket indicates that the earlier filings were "superseded."

Defendant timely filed its motion; the October 24 filings were simply to correct technical filing issues at the court's request.

Second, plaintiff complains that the motion and supporting documents were not served on him electronically pursuant to an agreement between the parties for electronic service.

The certificate of service for the motion for summary judgment shows that it was served via U.S. Mail on plaintiff at his post office box address. Plaintiff does not provide any evidence that the parties had entered into an agreement that he would be served with pleadings electronically. In fact, other documents filed in this adversary proceeding show service on plaintiff by U.S. Mail, not electronic mail.

Page 4 - MEMORANDUM OPINION

E.g., Defendant's Response to Plaintiff's Motion for Order Terminating Sanctions, Doc. 94; Defendant's Opposition to Plaintiff's Motion to Extend Deadline to File His Summary Judgment Motion, Doc. 103; Defendant's original Motion for Summary Judgment, Doc. 106. Plaintiff did not complain of the manner of service in relation to those documents.

The documents plaintiff submitted in support of his electronic service argument, Exh. A and B, do not show that there was an agreement for electronic service. Exh. A is a letter from plaintiff to Mr. Laurick, which (with regard to this subject) merely says that "you did not serve an electronic copy" of the motion on him. Exh. B is Mr. Laurick's response, which does not mention service.

Even if, as plaintiff's declaration says, there was an agreement between the parties for electronic service, I am not aware of any authority for denying a motion for summary judgment - or for the court lacking authority to consider such a motion - on the ground that it was not served in accordance with an agreement between the parties. The motion was served via U.S. Mail to plaintiff's mailing address. That is what the rules require. Fed. R. Civ. P. 5(b)(2) (service by mailing to a person's last known address, or by electronic means "if the person consented in writing[.]"); Fed. R. Bankr. P. 7005. Plaintiff does not say that he was not served with the motion or that he lacked access to it in a timely manner. Further, he had notice of the summary judgment motion at least by October 13, 2017, when plaintiff filed his motion to extend time to respond to the October 2 motion. Therefore, failure to serve him electronically did not impede his ability to respond.

Third, plaintiff argues that discovery has not been completed in

Page 5 - MEMORANDUM OPINION

this matter, and that he needs information from defendant in order to provide a meaningful response to defendant's motion.

Rule 56(d) provides that, if the party against whom the motion is filed "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may," among other things, defer ruling, deny the motion, or allow extra time for the nonmovant to take discovery.

Plaintiff notes that discovery is not complete in this case, and that he has an outstanding motion to compel. Without further discovery, he says, he cannot provide any meaningful response to defendant's motion.

Plaintiff is correct that the discovery is not closed in this case. Scheduling Order (Doc. 22) (discovery must be completed 14 days before trial). It is not unusual for a summary judgment motion to be filed before the discovery cutoff deadline. The scheduling order used in my chambers requires summary judgment or other dispositive motions to be filed within 120 days after the filing of the complaint; discovery must be completed 14 days before trial. Therefore, it is contemplated that discovery will not necessarily be complete before a summary judgment motion is filed.

Of course, if a party has been seeking discovery and has been unable to obtain affidavits or declarations to support its opposition to summary judgment, the rules allow for the court to defer ruling, deny the motion, or otherwise assure that the responding party has the necessary information to be able to oppose the motion. Fed. R. Civ. P. 56(d).

Plaintiff's claim is based on plaintiff's allegation that he entered into a loan modification with defendant. The Second Amended Complaint

Page 6 -   MEMORANDUM OPINION

never alleges that the agreement was reduced to writing, other than to allege that plaintiff was told by "various senior bankers" at defendant that a writing to memorialize the modification had been prepared, signed, and notarized, and that it had been mailed to him. Second Amended Complaint at ¶ 35. He also alleges that he was told that, "if he accepted the supplemental agreement, he should sign" and notarize it and submit it for recording. Id.

In his declaration submitted in opposition to summary judgment, plaintiff says that he was promised by defendant that a signed, notarized modification had been mailed to him showing the reinstatement of the interest-only payment terms, that he has never received it, and that there were at least five persons at BofA who know about the agreement, whom he identifies by name. He says he cannot complete his response to the summary judgment motion because defendant has deprived him of discovery "regarding the whereabouts of persons with whom I negotiated my novation with BAC." Plaintiff's Declaration at ¶¶ 14-20.

Plaintiff does not point to any discovery request asking for contact information for those five named individuals, or any refusal of defendant to provide that information. The motion to compel that he filed with his opposition to this motion for summary judgment simply asks for the name, current employment status, and whereabouts "for any and all persons Bank of America is aware have talked personally with Peter Szanto as regards" his HELOC loan. Doc. 120 at Exh. C2. As I have explained in my order denying on that motion, entered on this date, defendant's response to plaintiff's request was adequate, in referring plaintiff to particular business records already produced for the names of the relevant persons,

Page 7 -   MEMORANDUM OPINION

and indicating that, if he identifies any particular person or persons, defendant will review its personnel records for information about those persons.

Therefore, plaintiff already has the names of the persons with whom he alleges spoke; in fact, he specifically names five of them in his declaration in opposition to summary judgment. Defendant was ordered to provide the electronic versions of the telephone conversations between bank personnel and plaintiff by September 8, 2017. Doc. 97. Plaintiff does not claim that he failed to get that information within the time ordered. If he had wanted to get the declarations or affidavits of the individuals at BofA with whom he had spoken, he could have sought their contact information in time to file his response to the motion for summary judgment.[3] Further, if the recordings supported plaintiff's claim, he had ample time to obtain a transcription of the recordings to use in his opposition to the motion for summary judgment.[4]

---

[3] Defendant was ordered to provide its audio recordings of conversations its personnel had with plaintiff regarding his HELOC loan to plaintiff via overnight mail no later than September 8, 2017. Doc. 97, 98. Plaintiff does not say that he never received them as ordered. Plaintiff has known since August 8, 2017, that motions for summary judgment were to be filed no later than October 2, 2017. Doc. 89. That deadline was extended twice, with an ultimate deadline of October 23, 2017. Doc. 105, 110. Therefore, plaintiff had sufficient time between August 8 and November 6, 2017, when his response to the summary judgment motion was filed, to seek contact information for the persons whose names he has known at least since September 21, 2017, when he listed them in his response to defendant's Request for Interrogatories. Declaration of James Laurick, Exh. 2 p.4.

[4] Plaintiff also said in his Response to Interrogatories that he took contemporaneous notes of his alleged discussions with BofA personnel regarding the alleged loan modification. Declaration of James Laurick in
(continued...)

Page 8 - MEMORANDUM OPINION

In any event, the issue in this motion for summary judgment is whether the alleged modification of plaintiff's HELOC loan is subject to the statute of frauds and, if so, whether the statute of frauds has been met or satisfied in some way. Whether the statute of frauds applies or does not apply is not affected by any evidence any particular representatives of defendant would have about whether there was an agreement or, if so, what the terms of the agreement are. That evidence will be relevant only if an oral contract to modify the HELOC is enforceable. If I determine that an alleged oral contract is enforceable in this case, then summary judgment will be denied and plaintiff will have an opportunity to get his witnesses for a trial. Therefore, plaintiff's alleged failure to obtain contact information from defendant does not affect his ability to respond to this motion for summary judgment.

Finally, defendant argues that plaintiff's claim is governed by California contract law. Plaintiff does not dispute that California law applies, and I agree that it does. Under either Oregon or federal choice of law rules, a contract choice of law provision will ordinarily be enforced. See, e.g., In re Lindsay, 59 F.3d 942, 948 (9th Cir. 1995); In re Vortex Fishing Systems, Inc., 277 F.3d 1057 (9th Cir. 2001); Serenity Lane v. Netsmart Techs., Inc., 2015 WL 3862527 at *7 (D. Or. June 22, 2015). The HELOC agreement provides that it will "be governed by federal law and, to the extent not preempted by federal law, by the laws of the

---

[4](...continued)
Support of Motion for Summary Judgment, Exh. 2 p.4. Plaintiff did not provide any of those notes in his opposition to BofA's motion for summary judgment.

Page 9 - MEMORANDUM OPINION

state where the Property is located." Home Equity Credit Line Agreement and Disclosure Statement at ¶ 19.D. (Exh. 1 to Declaration of James Laurick). The property that serves as security for this loan is located in California; therefore, California law applies.

2. <u>Statute of Frauds</u>

Defendant argues that, for the alleged agreement in this case to be enforceable, it must be in writing, and plaintiff has not provided any evidence of a writing. Plaintiff responds that this alleged modification of his HELOC obligation did not need to be in writing. In any event, he argues, either there are writings sufficient to meet the requirements of the statute of frauds, or his performance takes the agreement out of the statute of fraud.

Under California law, an agreement to modify a loan secured by real property is required to be in writing, subscribed by the party against whom it is to be enforced. <u>Secrest v. Security Nat. Mortg. Loan Trust 2002-2</u>, 167 Cal. App. 4th 544, 553 (2008) ("[a]n agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds"); <u>Rossberg v. Bank of America, N.A.</u>, 219 Cal. App. 4th 1481 (2013) (same); Cal. Civ. Code § 1698. Because the HELOC agreement, secured by real property, is one subject to the statute of frauds, the alleged modification of that agreement is also subject to the statute of frauds.

Defendant argues that there is no writing showing the alleged modification and therefore plaintiff cannot enforce it. Plaintiff responds first that he has provided two documents that satisfy the writing requirement of the statute of frauds with regard to this

Page 10 - MEMORANDUM OPINION

agreement. The documents, attached to his declaration, are a statement on BofA letterhead showing plaintiff's minimum payment due of $45,300.41 and a receipt for payment of that amount on July 22, 2016 (Exh. C to Declaration of Peter Szanto), and a document, again on BofA letterhead, showing an August 10, 2016, wire credit of $703.65 made from BofA to The Yankee Trust Corporation for the benefit of Peter Szanto (Exh. D to Declaration of Peter Szanto). Plaintiff argues that these two documents show the parties' agreement to modify their contract as he alleges they did.

To satisfy the statute of frauds, a contract must be memorialized in writing and subscribed by the party to be charged. Rossberg, 219 Cal. App. 4th at 1503. Here, the two documents, although not signed by anyone at BofA, are on BofA's letterhead, which is sufficient to constitute a signature for purposes of the statute of frauds. West v. JPMorgan Chase Bank, N.A., 214 Cal. App. 4th 780, 798 (2013).

The writings are not, however, sufficient to satisfy the statute of frauds, because they do not include any essential terms of the alleged modification. "Since the statute of frauds primarily serves to prove that a contract exists, the writing need only mention certain 'essential' or 'meaningful' terms." In re Marriage of Benson, 36 Cal. 4th 1096, 1108 (2005) (citations omitted).

Plaintiff alleges that defendant agreed that, if plaintiff paid the amount defendant said was due, defendant would reinstate the interest-only provision of his HELOC. The writings show that, on July 22, 2016, plaintiff paid the amount defendant said was due, and on August 10, 2016, defendant wired money to The Yankee Trust Corporation for the benefit of

Page 11 - MEMORANDUM OPINION

plaintiff. Neither receipt mentions the essential term that plaintiff seeks to enforce, which is that defendant agreed to reinstate the interest-only provision of his HELOC.

Plaintiff argues that there was no reason for him to make the payment if he was not obtaining the modification from defendant in return. He also says that defendant's payment to him shows that they had an agreement. But neither plaintiff's payment of what defendant claimed was due nor defendant's payment to plaintiff of $703.65 says anything about modifying the loan agreement to reinstate interest-only provisions. The writings do not contain any essential terms of the alleged modification and, therefore, do not satisfy the statute of frauds.

Second, plaintiff says that his payment of $45,300.41 was performance of the agreement, taking it out of the statute of frauds.

An agreement can be taken out of the statute of frauds by performance, either partial or full. Plaintiff refers to both types of performance to support his argument that the alleged modification should be enforced even if there is no writing.

Part performance allows enforcement of a contract despite the lack of a writing, where the party has taken actions either unequivocally referred to or clearly related to the contract's terms. Secrest, 167 Cal. App. 4th at 555. In addition to partial performance, "the party seeking to enforce the contract must have changed position in reliance on the oral contract to such an extent that application of the statute of frauds would result in an unjust or unconscionable loss, amounting in effect to fraud." Id. However, the payment of money is not sufficient to take an oral agreement out of the statute of frauds. Id.

Page 12 - MEMORANDUM OPINION

Here, the only evidence in the summary judgment record is that plaintiff paid the money defendant claimed was owed, and defendant made a small payment to plaintiff a few weeks later. This payment of money alone does not take the alleged oral agreement out of the statute of frauds.

Plaintiff relies on McCarger v. Rood, 47 Cal. 138 (1873), where the court said:

> That part performance takes a parol contract out of the operation of the statute of frauds is too well settled in this country and in England to require further comment. In this case, the Court finds, and the proofs show, that the plaintiff performed the contract on his part; but that the defendant has refused to execute the written lease as he agreed to do, and has violated the contract in other particulars. The plaintiff has no adequate remedy at law for the refusal of the defendant to execute the written lease, and is entitled to have this part of the contract specifically performed.

47 Cal. at 141. However, in McCarger, the plaintiff had changed his position in reliance on the defendant's promise to execute a written lease for land by entering on and cultivating the land. This is more than simply paying money, and justified taking the agreement out of the statute of frauds. Here, plaintiff has an adequate remedy at law for payment of the money if it was not warranted; he did not otherwise change his position in reliance on defendant's alleged agreement to modify the HELOC.

Plaintiff also argues that he fully performed the agreement and therefore it should be enforced even absent a writing. However,

> [t]he principle that full performance takes a contract out of the statute of frauds has been limited to the situation where performance consisted of conveying property, rendering personal services, or doing something other than payment of money.

Secrest, 167 Cal. App. 4th at 556. Plaintiff does not argue or provide

Page 13 - MEMORANDUM OPINION

evidence that he performed by conveying property or rendering personal services. He argues and has shown that he paid money. As with part performance, that payment is not sufficient to take the alleged agreement out of the statute of frauds.

Finally, plaintiff alleges and states in his declaration that he was told by defendant's representatives that the writing memorializing the modification had been signed and notarized, and had been mailed to him in August 2016, but he never received it. He argues that he changed his position in reliance on the oral promise that the written contract was in the mail, and it would be unjust and unconscionable to apply the statute of frauds to bar his claim.

I first note that, in the Second Amended Complaint, plaintiff alleges that he was told by BofA that the modification agreement had been signed, notarized, and mailed to him, and "that _if_ he accepted the supplemental agreement, he should sign the document, secure notarization thereof and submit the supplemental agreement for recordation." Second Amended Complaint at ¶ 35 (emphasis supplied). According to the allegation, plaintiff had not yet accepted the modification agreement. Plaintiff's declaration in opposition to the summary judgment motion again says that BofA represented it had mailed a signed modification agreement to him that showed the interest-only terms but he never received the agreement. Notably, he does not say that he had accepted the agreement.

In any event, a party may be estopped from claiming that an agreement required to be in writing is not enforceable in the absence of a writing. However, that doctrine is applied "where an unconscionable

Page 14 - MEMORANDUM OPINION

injury would result from denying enforcement after one party has been induced to make a serious change of position in reliance on the contract or where unjust enrichment would result if a party who has received the benefits of the other's performance were allowed to invoke the statute." Chavez v. Indymac Mortg. Servs., 219 Cal. App. 4th 1052, 1058 (2013) (quoting Redke v. Silvertrust, 6 Cal. 3d 94, 101 (1971)).

Again, the mere payment of money already due does not demonstrate an unconscionable injury or unjust enrichment. There is an adequate remedy at law for the recovery of money if the plaintiff is entitled to its return. Secrest, 167 Cal. App. 4th at 557.[5]

CONCLUSION

There is no dispute of material fact that precludes a conclusion that the statute of frauds bars plaintiff's enforcement of the alleged agreement to modify his HELOC to restore interest-only payments. Even if through discovery plaintiff were to obtain testimony from defendants' representatives corroborating his allegation that he had reached an agreement to modify the HELOC, any such oral agreement is unenforceable under the statute of frauds. Therefore, defendant is entitled to summary judgment. Plaintiff's claim against BofA fails.

Counsel for BofA should submit the order.

This ruling disposes of all claims in plaintiff's complaint.

////

////

---

[5] Because I conclude that plaintiff's claim is barred by the statute of frauds, I need not address BofA's alternative argument that any alleged loan modification would have been voided by the senior lienholder's commencement of foreclosure proceedings.

Page 15 - MEMORANDUM OPINION

Counsel for BofA should work with counsel for JPMorgan Chase to submit a judgment on all claims.

###

cc: Peter Szanto
James P. Laurick
UST

Page 16 - MEMORANDUM OPINION